FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2007 MAR 15  P 3: 30

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| FLORIA WARD | * | CASE NO. _____ |
| VS. | * | MAGISTRATE 07-1313 |
| HOUMA AUTO SALES | * | SECTION  SECT. S MAG. 3 |

## COMPLAINT

Plaintiff **FLORIA WARD** institutes this action for actual damages, statutory damages, attorney's fees, and the costs of this action against defendant **HOUMA AUTO SALES** for multiple violations of the Truth In Lending Act, 15 U.S.C. § 1601, *et seq.* ("TILA), and Federal Reserve Board Regulation Z, 12 C.F.R. § 226, for violations of the Louisiana Unfair Trade Practices and Consumer Protection Act, LSA-R.S. 54:1401, *et seq.* and for recision of the contract at issue pursuant to LSA-C.C. arts.

### I. JURISDICTION

1.

The jurisdiction of this court is invoked pursuant to the Truth in Lending Act, 15 U.S.C. § 1640(e) and 28 U.S.C. § 1331 and § 1337.

2.

This court has supplemental jurisdiction over the plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

Fee  350.
✓ Process_____
X  Dktd_____
___ CtRmDep_____
___ Doc. No_____

## II. VENUE

3.

Venue is proper in this Court because the contract and/or transaction at issue was confected within this district.

## III. PARTIES

4.

Plaintiff Floria Ward is a natural person currently residing in the Parish of Lafourche, State of Louisiana.

5.

Defendant Houma Auto Sales, upon information and belief, is a domestic unincorporated association doing business in Terrebonne Parish, State of Louisiana.

6.

At all times relevant hereto, the defendant regularly extended or offered to extend consumer credit for which a finance charge is or may be imposed or which, by written agreement, is payable in more than four installments, and is the person to whom the transaction which is the subject of this action is initially payable, making defendant a creditor within the meaning of TILA, 15 U.S.C. § 1602(f) and Regulation Z § 226.2(a)(17).

## IV. FACTUAL ALLEGATIONS

7.

On or about January 10, 2007, plaintiff entered defendant's premises for the purpose of purchasing an automobile.

8.

On January 10, 2007, plaintiff executed a Bill of Sale in which she purchased a 1996 Toyota Camry, bearing Vehicle Identification Number JT2BG12KT0544005 for the purchase price of $2,300.00.

9.

On January 10, 2007, plaintiff made a down payment in the amount of $1,000.00, and executed a "Rent to Own Installment Payments" agreement in which $1,550.00 was financed, at an annual percentage rate of 23% over the term of 12 months, with a monthly payment of $145.82.

10.

Although the agreement described above is styled as a rent to own agreement, defendant Houma Auto Sales reserved the right to institute an action to collect on the agreement, including court costs, cost of collection, and attorney's fees.  Thus, the agreement is not truly a rent to own agreement, and is a consumer credit transaction within the meaning of TILA, 15 U.S.C. § 1602 and Regulation Z § 226.2.

11.

In the agreement styled as "Rent to Own Installment Payments" reserves defendants right to repossess or demand return of the 1996 Toyota Camry in the event of defendant's default on the agreement.  However, defendant did not provide plaintiff with a security agreement.

12.

Prior to the sale at issue, defendant did not provide plaintiff with a Truth in Lending

disclosure statement.   Other than the "Rent to Own Installment Payments" agreement, the only document provided to plaintiff that can conceivably be considered a Truth in Lending disclosure statement is a "Big Blue Disk Loan Amortization Program" printout which is attached to this Complaint as Exhibit "A."

13.

The "Big Blue Disk Loan Amortization Program" printout shows that the "amount of the loan" as being $1,550.00, the annual percentage rate as being 23%, and the number of payments as being 12, and the total interest as $199.76.

14.

On or about January 13, 2007, only three days after the sale described above, the engine on the 1996 Toyota Camry described above began "knocking," and the vehicle became inoperable, and useless to plaintiff.

15.

On or about January 16, 2007, plaintiff informed defendant of the problem with the 1996 Toyota Camry described above, and placed defendant in possession of the vehicle at issue.   The vehicle at issue remains in the possession of defendant.

V.   **FIRST CAUSE OF ACTION**

16.

Plaintiff copies Paragraphs 1 through 15 as copied here *in extenso*.

17.

Plaintiff avers that the Big Blue Disk Loan Amortization Program" printout is not a disclosure statement as contemplated by TILA, and she has never been provided with a

proper disclosure statement prior to the consummation of the transaction in violation of 15 U.S.C. § 1638(b) and Regulation Z § 226.17(b).

18.

Plaintiff avers that, even if the "Big Blue Disk Loan Amortization Program" printout qualifies as a disclosure statement, it violates the provisions of TILA and Regulation Z in the following and other respects:

a. By failing to make required disclosures clearly and conspicuously in writing in violation of 15 U.S.C. § 1632(a) and Regulation Z § 226.17(a);

b. By failing to properly identify property subject to a security interest in violation of 15 U.S.C. § 1638(a)(9) and Regulation Z § 226.18(m);

c. By failing to properly disclose the down payment made by plaintiff in violation of Regulation Z § 226.2(a)(18);

d. By adding unauthorized and undisclosed charges in the amount financed;

e. By calculating the annual percentage rate based upon improperly calculated and disclosed charges and amount financed, the defendant understated the disclosed annual percentage rate in violation of 15 U.S.C. § 1638(a)(4) and Regulation Z § 226.18(e).

f. By failing to clearly and accurately disclose the finance charge, using that term, in violation of 15 U.S.C. § 1638(a)(3) and Regulation Z § 226.4 and 226.18(d).

g. By failing to clearly and accurately disclose the amount financed, using that term, in violation of 15 U.S.C. § 1638(a)(2)(A) and Regulation Z § 226.18(b).

h. By failing to properly disclose the number of payments, amounts, and timing of payments scheduled to repay the obligation, in violation of 15 U.S.C. § 1638(a)(6) and Regulation Z § 226.18(h).

i. By failing to clearly and accurately disclose the "total of payments," using that term, in violation of 15 U.S.C. § 1638(a)(5) and Regulation Z § 226.18(h).

19.

By reason of the above-mentioned violations of TILA and Regulation Z, defendant is liable unto plaintiff for actual damages, statutory damages, and attorney's fees and costs.

## VI.   SECOND CAUSE OF ACTION

20.

Plaintiff copies Paragraphs 1 through 19 as copied here *in extenso*.

21.

Plaintiff avers that the transaction at issue further violates the Louisiana Unfair Trade Practices and Consumer Protection Act, LSA-R.S. 54:1401, *et seq.* in the following respects:

- a. Defendant did not properly apply the down payment made by plaintiff in this transaction;
- b. Defendant included unauthorized charges to the balance remaining on plaintiff's account and/or did not properly advise plaintiff what they charges were for;
- c. In the event it is determined that defendant knew or should have known of any defects in the vehicle at issue, defendant insistence that plaintiff sign a waiver of implied warranty;
- d. All other violations discussed in Paragraph 18 of this complaint.

22.

By reason of the above-mentioned violations of the Louisiana Unfair Trade Practices and Consumer Protection Act, defendant is liable unto plaintiff for actual damages, attorney's fees, all costs of these proceedings, and restitution, including, but not limited to a return of the down payment made in this case.

## VII. THIRD CAUSE OF ACTION

23.

Plaintiff copies Paragraphs 1 through 22 as copied here *in extenso*.

24.

Plaintiff further avers that she is entitled to recision of the contract and/or transaction at issue pursuant to LSA-C.C. art. 1948.

25.

Plaintiff avers that given the short amount of time in which the vehicle at issue became inoperable, that defendant knew or should have known of any defects in the vehicle at issue, and plaintiff is entitled to recision of the contract and/or transaction pursuant to LSA-C.C. art. 1948, 1949.

26.

Plaintiff further avers that even if defendant did not know of the defects present in the vehicle at issue, that she is entitled to recision of the contract pursuant to LSA- C.C. art. 1953 because there was mutual error present regarding the condition of the vehicle at issue.

27.

The fraud and/or mutual error affected a primary cause of plaintiff's entering into the contract and/or transaction at issue, and as such plaintiff is entitled to rescind the contract and/or transaction at issue.

**WHEREFORE,** plaintiff respectfully prays that this court:

1. Assume jurisdiction of this case;

2. Award actual damages to be established at trial pursuant to 15 U.S.C. § 1640(a)(1);

3.  Award statutory damages in the amount of twice the finance charge in accordance with 15 U.S.C. § 1640(a)(2);

4.  Award plaintiff csts and reasonable attorney's fees in accordance with 15 U.S.C. § 1640;

5.  Award plaintiff actual damages, costs, attorney's fees, and restitution, including, but not limited to the down payment made on the vehicle at issue, and expert witness fees, pursuant to LSA-R.S. 51:1409;

6.  Enter a judgment declaring that plaintiff is entitled to rescind the contract and/or transaction at issue;

7.  Award all other legal and equitable relief that it deems necessary and proper.

Respectfully submitted:

Robert M. Louque, Jr. (#28662)
The Louque Law Firm, L.L.C.
206 West Seventh Street
P.O. Box 1518
Thibodaux, Louisiana 70302
Telephone: (985) 448-3133
Facsimile: (985) 448-3134
Attorney for Plaintiff Floria Ward